IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02203-BNB

CRAIG S. ROBLEDO-VALDEZ,

    Applicant,

v.

TRAVIS TRANI, and
TOM CLEMENTS,

    Respondents.

---

ORDER DENYING MOTION FOR INJUNCTIVE RELIEF

---

    Applicant, Craig S. Robledo-Valdez, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Fremont Correctional Facility in Canon City, Colorado.  The operative pleading before the Court is an amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 9) filed by Mr. Robledo-Valdez on October 15, 2012.  Mr. Robledo-Valdez asserts three claims in the amended application challenging a number of prison disciplinary convictions and two administrative segregation decisions that allegedly have increased the length of his sentence because they resulted in denials of earned time credits.  Mr. Robledo-Valdez also asserts one claim challenging a decision of the Colorado Parole Board denying him release on parole in September 2011.

    On December 3, 2012, Mr. Robledo-Valdez filed in this action a "Request for Temporary Emergency Relief/Injunction" (ECF No. 16) in which he alleges that prison officials failed to answer and lost two administrative appeals he filed prior to August 2,

2012. Mr. Robledo-Valdez asserts that the appeals in question relate to two prison disciplinary convictions he received in July 2012, which resulted in a loss of twenty days of earned time credits. He further asserts that it now is too late to file a civil action in state court to challenge the disciplinary convictions. Although not entirely clear, the Court will assume that the July 2012 disciplinary convictions referenced in the motion for injunctive relief are among the disciplinary convictions being challenged in this habeas corpus action.

A party seeking a preliminary injunction must show a substantial likelihood of prevailing on the merits, that he will suffer irreparable injury unless the injunction issues, that the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party, and that the injunction, if issued, would not be adverse to the public interest. *See Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980).

Mr. Robledo-Valdez fails to demonstrate a substantial likelihood of prevailing on the merits of his claims in this action. In particular, it is apparent that Mr. Robledo-Valdez has not exhausted state remedies with respect to the July 2012 disciplinary convictions prior to filing the instant action. Accordingly, it is

ORDERED that the "Request for Temporary Emergency Relief/Injunction" (ECF No. 16) is denied.

DATED at Denver, Colorado, this  10th  day of    December         , 2012.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK
Senior Judge, United States District Court