IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02203-BNB

CRAIG S. ROBLEDO-VALDEZ,

    Applicant,

v.

TRAVIS TRANI, and
TOM CLEMENTS,

    Respondents.

ORDER TO SHOW CAUSE

    Applicant, Craig S. Robledo-Valdez, is a prisoner in the custody of the Colorado Department of Corrections.  Mr. Robledo-Valdez currently is incarcerated at the Fremont Correctional Facility in Cañon City, Colorado.  On October 12, 2012, Mr. Robledo-Valdez filed *pro se* an amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 9).  He asserts three claims challenging a number of prison disciplinary convictions and two administrative segregation placements that allegedly have increased the length of his sentence because they resulted in denials of earned time credits.  He also asserts one claim challenging a decision of the Colorado Parole Board denying him release on parole in September 2011.

    On October 18, 2012, the court ordered Respondents to file a Preliminary Response limited to raising the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if

Respondents intend to raise either or both of those defenses in this action. On November 8, 2012, Respondents filed their Preliminary Response (ECF No. 14) arguing that this action should be dismissed for failure to exhaust state remedies. However, Respondents specifically address only Mr. Robledo-Valdez's claims that relate to denials of earned time credits. Respondents do not address Mr. Robledo-Valdez's claim challenging the denial of parole in September 2011. On November 19, 2012, Mr. Robledo-Valdez filed a reply (ECF No. 15) to the Preliminary Response.

The Court must construe the amended application and other documents filed by Mr. Robledo-Valdez liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the court will order Mr. Robledo-Valdez to show cause why the instant action should not be dismissed as a mixed petition.

As noted above, Mr. Robledo-Valdez asserts three claims in the amended application challenging denials of earned time credits that, according to him, implicate the length of his sentence. He specifically alleges in claim one that he was denied earned time credits after he wrongfully was placed in administrative segregation in April 2011 following a prison disciplinary conviction for threats. He alleges in claim two that he was denied earned time credits as a consequence of several prison disciplinary convictions in 2011 and 2012. He alleges in claim three that he was denied earned time credits after he was removed from the general population and placed in administrative segregation in July 2012. Mr. Robledo-Valdez alleges in his fourth claim in the

amended application that he wrongfully was denied parole in September 2011. According to Respondents, Mr. Robledo-Valdez has filed fourteen civil cases in the Fremont County District Court but he has not exhausted state remedies because he has not properly presented any of his claims to the Colorado appellate courts.

A state prisoner generally must exhaust state court remedies before he may pursue any federal constitutional claims in a habeas corpus action in federal court. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). The exhaustion requirement is satisfied once the federal claims have been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issues be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly."

*Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner seeking habeas corpus relief in federal court bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992). Even if state remedies properly have been exhausted as to one or more of the claims presented, a habeas corpus application is subject to dismissal as a mixed petition unless state court remedies have been exhausted for all of the claims raised. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982); *Harris v. Champion*, 48 F.3d 1127, 1133 (10th Cir. 1995).

Mr. Robledo-Valdez appears to raise three arguments relevant to the issue of exhaustion of state remedies. Notably, he does not contend in any of these arguments that he has fairly presented any federal constitutional claims to the Colorado appellate courts.

First, Mr. Robledo-Valdez contends in the amended application that the state court is taking too long to decide his cases. (*See* ECF No. 9 at 28.) It is true that inexcusable or inordinate delay in state court proceedings may make the state process ineffective to protect a habeas applicant's rights and excuse a failure to exhaust state remedies. *See Harris v. Champion*, 15 F.3d 1538, 1555 (10th Cir. 1994); *see also* 28 U.S.C. § 2254(b)(1)(B). However, Mr. Robledo-Valdez's conclusory assertion that the state court is taking too long to decide his cases is not sufficient to demonstrate he has faced inexcusable or inordinate delay in pursuing his state court remedies or that there is no effective state remedy available to protect his rights.

Mr. Robledo-Valdez next asserts in his reply to Respondents' Preliminary Response that many of the cases he has filed in the Fremont County District Court

relate to grievances and other constitutional violations unrelated to prison disciplinary convictions.  He further asserts that "Colorado provides NO Adequate State remedies for addressing Administrative actions and grievance responses by D.O.C." and that "[t]he County/State court continues to tell me that, unless the complaint concerns COPD convictions, my complaint 'fails to state a claim upon which relief may be granted.'" (ECF No. 15 at 1.)  The only example Mr. Robledo-Valdez cites in support of this argument is a civil case he filed in the Fremont County District Court against the Colorado Parole Board.

This argument does not persuade the Court that Mr. Robledo-Valdez has exhausted state remedies, at least with respect to his claims challenging denials of earned time credits, because Mr. Robledo-Valdez fails to demonstrate he is unable to raise in state court his federal constitutional claims challenging the denials of earned time credits.  The absence of an effective remedy in the Colorado courts with respect to parole issues or other administrative actions and grievances unrelated to denials of earned time credits does not mean there is no effective state remedy to challenge the denials of earned time credits at issue in claims one, two, and three in the amended application.

Finally, Mr. Robledo-Valdez argues in his reply that he is not required to exhaust state court remedies for claims that raise constitutional issues, although it is not clear whether this argument relates to his habeas corpus claims in this action or to other conditions of confinement claims that are not properly raised in a habeas corpus action. Although Mr. Robledo-Valdez refers to unconstitutional conditions of confinement in his reply to the Preliminary Response, the court notes that any conditions of confinement

claims Mr. Robledo-Valdez may wish to assert are not properly raised in this habeas corpus action because "[t]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012) (discussing distinction between habeas corpus claims pursuant to § 2241 and conditions of confinement claims raised in civil rights actions).  If Mr. Robledo-Valdez wishes to pursue any claims challenging the conditions of his confinement, he must raise those claims in a separate action.  For the same reason, the request for damages Mr. Robledo-Valdez includes within his request for relief in the amended application is not appropriate relief in a habeas corpus action.

For all of these reasons, the Court finds that Mr. Robledo-Valdez fails to satisfy his burden of demonstrating he has exhausted state remedies for his claims challenging denials of earned time credits.  Therefore, claims one, two, and three in the amended application are subject to dismissal for failure to exhaust state remedies.

As noted above, Mr. Robledo-Valdez also asserts a claim, claim four in the amended application, challenging a decision of the Colorado Parole Board denying him release on parole in September 2011, and Respondents do not address the parole denial claim in their Preliminary Response.  However, the Court notes that Mr. Robledo-Valdez may challenge a denial of parole in federal court without first seeking review of the parole board's decision in the Colorado state courts.  *See Wildermuth v. Furlong*, 147 F.3d 1234, 1235 n.1 (10th Cir. 1998); *see also White v. People*, 866 P.2d 1371, 1373 (Colo. 1994) (noting that claims alleging an abuse of discretion by the parole

board are not subject to judicial review in Colorado state courts).  Therefore, claim four in the amended application is not subject to dismissal for failure to exhaust state remedies.

Because Mr. Robledo-Valdez is asserting one exhausted claim and three unexhausted claims, he will be ordered to show cause why the amended application should not be denied as a mixed petition.  *See Rose*, 455 U.S. at 522; *Harris*, 48 F.3d at 1133.  In order to avoid dismissal of the entire action as a mixed petition, Mr. Robledo-Valdez may elect to dismiss the unexhausted claims and pursue in this action only his exhausted claim four.  Alternatively, if Mr. Robledo-Valdez wishes to pursue all of his claims in federal court in a single habeas corpus action, the instant action will be dismissed as a mixed petition and he will be required to file a new application for a writ of habeas corpus after he exhausts state remedies for the unexhausted claims.  If Mr. Robledo-Valdez pursues this alternative, he is advised that the one-year limitation period in § 2244(d) will be applied to any new habeas corpus action he files without regard to the instant action.  The fact that the instant action apparently is timely does not mean that any future habeas corpus action filed by Mr. Robledo-Valdez also will be timely.  Furthermore, the time during which this federal action was pending will not toll the one-year limitation period with respect to any new habeas corpus action Mr. Robledo-Valdez may file.  *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).  Finally, the court finds that staying this action while Mr. Robledo-Valdez exhausts the unexhausted claims in state court would not be appropriate because Mr. Robledo-Valdez has not shown good cause for his failure to exhaust state remedies for all of his claims prior to filing this action.  *See Rhines v. Weber*, 544 U.S. 269, 277 (2005).

Accordingly, it is

ORDERED that Applicant show cause **within thirty (30) days from the date of this order** why the amended habeas corpus application should not be denied as a mixed petition for failure to exhaust state court remedies.  It is

FURTHER ORDERED that the amended habeas corpus application will be denied as a mixed petition and the action will be dismissed without further notice if Applicant fails to show cause as directed within the time allowed.

DATED December 10, 2012, at Denver, Colorado.

                                        BY THE COURT:

                                         s/ Boyd N. Boland
                                        United States Magistrate Judge