IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No. 12-cv-02203-WYD

CRAIG S. ROBLEDO-VALDEZ,

    Applicant,

v.

TRAVIS TRANI, and
TOM CLEMENTS,

    Respondents.

---

ORDER TO DISMISS IN PART

---

    This matter is before me on the amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 9) filed *pro se* by Applicant, Craig S. Robledo-Valdez.  Mr. Robledo-Valdez asserts three claims challenging a number of prison disciplinary convictions and two administrative segregation decisions that allegedly have increased the length of his sentence because they resulted in denials of earned time credits.  Mr. Robledo-Valdez also asserts a fourth claim challenging a decision of the Colorado Parole Board denying him release on parole in September 2011.

    On October 18, 2012, Magistrate Judge Boyd N. Boland ordered Respondents to file a Preliminary Response limited to raising the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this action.  On November 8, 2012, Respondents filed their Preliminary Response (ECF

No. 14) arguing that this action should be dismissed for failure to exhaust state remedies. On November 19, 2012, Mr. Robledo-Valdez filed a reply (ECF No. 15) to the Preliminary Response.

On December 10, 2012, after reviewing the exhaustion arguments Respondents raised in their Preliminary Response, Magistrate Judge Boland ordered Mr. Robledo-Valdez to show cause why the amended application should not be denied as a mixed petition. Magistrate Judge Boland specifically determined that, although the parole denial claim is not subject to dismissal for failure to exhaust state remedies, Mr. Robledo-Valdez has not exhausted state remedies for his three claims challenging denials of earned time credits. Magistrate Judge Boland explained to Mr. Robledo-Valdez that the entire action must be dismissed as a mixed petition unless he elects to dismiss the unexhausted claims.

On January 9, 2013, Mr. Robledo-Valdez filed a response (ECF No. 23) to Magistrate Judge Boland's show cause order arguing that none of his claims should be dismissed for failure to exhaust state remedies. However, should I determine that any of his claims are not exhausted, Mr. Robledo-Valdez asks that the unexhausted claims be dismissed and that he be allowed to proceed on the exhausted claim or claims.

I must construe the amended application and other documents filed by Mr. Robledo-Valdez liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, I should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, I find that the three claims challenging denials of earned time credits are not exhausted and those claims will be dismissed.

Mr. Robledo-Valdez alleges in claim one that he was denied earned time credits after he wrongfully was placed in administrative segregation in April 2011 following a prison disciplinary conviction for threats.  He alleges in claim two that he was denied earned time credits as a consequence of several prison disciplinary convictions in 2011 and 2012.  He alleges in claim three that he was denied earned time credits after he was removed from the general population and placed in administrative segregation in July 2012.  Mr. Robledo-Valdez alleges in his fourth claim that he wrongfully was denied parole in September 2011.  According to Respondents, Mr. Robledo-Valdez has filed fourteen civil cases in the Fremont County District Court but he has not exhausted state remedies because he has not properly presented any of his claims to the Colorado appellate courts.

A state prisoner generally must exhaust state court remedies before he may pursue a federal constitutional claim in a habeas corpus action in federal court.  *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000).  The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts.  *See Castille v. Peoples*, 489 U.S. 346, 351 (1989).  Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack."  *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).

"The exhaustion requirement is not one to be overlooked lightly."  *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995).  A state prisoner seeking habeas corpus relief in federal court bears the burden of showing that he has exhausted all available state remedies.  *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).  Even if

state remedies properly have been exhausted as to one or more of the claims presented, a habeas corpus application is subject to dismissal as a mixed petition unless state court remedies have been exhausted for all of the claims raised. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982); *Harris v. Champion*, 48 F.3d 1127, 1133 (10th Cir. 1995).

Mr. Robledo-Valdez concedes in his response to Magistrate Judge Boland's show cause order that the state court actions he has filed with respect to claims one and two in the amended application remain pending in the Colorado Court of Appeals. However, he contends that claims one and two should not be denied for failure to exhaust because there is insufficient time to obtain relief in the state court actions prior to his scheduled release date of January 17, 2013. He also contends with respect to claim two that one of the prison disciplinary convictions he is challenging in that claim was expunged by prison officials. With respect to claim three in the amended application, Mr. Robledo-Valdez asserts that the claim is fully exhausted because he was victorious in an administrative appeal and, thus, no state remedy is needed.

I find that Mr. Robledo-Valdez fails to demonstrate he has exhausted state remedies for any of his claims challenging the alleged denials of earned time credits. As discussed above, Mr. Robledo-Valdez concedes that the state court actions he has filed with respect to claims one and two remain pending in the Colorado Court of Appeals. Mr. Robledo-Valdez's assertion that he is scheduled to be released on January 17, 2013, does not demonstrate he has faced inexcusable or inordinate delay in pursuing his state court remedies or that there is no adequate or effective state remedy available to protect his rights. *See Harris v. Champion*, 15 F.3d 1538, 1555

(10th Cir. 1994); *see also* 28 U.S.C. § 2254(b)(1)(B). Mr. Robledo-Valdez's assertions that one of his prison disciplinary convictions was expunged and that he was victorious in an administrative appeal with respect to claim three in the amended application also do not demonstrate he has satisfied the fair presentation requirement. In fact, to the extent Mr. Robledo-Valdez argues exhaustion is unnecessary because he has been victorious with respect to claim three, and perhaps part of claim two, he fails to explain why he continues to pursue those claims in this action. I assume Mr. Robledo-Valdez still is seeking some judicial relief with respect to those claims in this habeas corpus action because he has not moved to dismiss the claims voluntarily.

For all of these reasons, I find that Mr. Robledo-Valdez fails to satisfy his burden of demonstrating he has exhausted state remedies for his claims challenging the denials of earned time credits. Therefore, claims one, two, and three in the amended application are subject to dismissal for failure to exhaust state remedies. As noted above, Mr. Robledo-Valdez also asserts a fourth claim challenging a decision of the Colorado Parole Board denying him release on parole in September 2011. Because Mr. Robledo-Valdez may challenge a denial of parole in federal court without first seeking review of the parole board's decision in the Colorado state courts, *see Wildermuth v. Furlong*, 147 F.3d 1234, 1235 n.1 (10th Cir. 1998); *see also White v. People*, 866 P.2d 1371, 1373 (Colo. 1994) (noting that claims alleging an abuse of discretion by the parole board are not subject to judicial review in Colorado state courts), claim four is not subject to dismissal for failure to exhaust state remedies.

In summary, the amended application presents one exhausted claim and three unexhausted claims. As a result, the amended application is subject to dismissal as a

mixed petition.  *See Rose*, 455 U.S. at 522.  However, in order to avoid this result, Mr. Robledo-Valdez alternatively asks to dismiss any claims I determine are not exhausted. That request will be granted and I will dismiss unexhausted claims one, two, and three.

The only remaining claim in this action is claim four, which challenges a decision of the Colorado Parole Board denying Mr. Robledo-Valdez release on parole in September 2011.  Respondents have filed a Motion to Dismiss as Moot (ECF No. 28) arguing that claim four now is moot because Mr. Robledo-Valdez was released on parole on January 30, 2013.  Mr. Robledo-Valdez will be directed to file a response to the motion to dismiss within twenty-one days.  Accordingly, it is

ORDERED that unexhausted claims one, two, and three in the amended application are DISMISSED without prejudice pursuant to Applicant's request to dismiss those claims voluntarily.  It is further

ORDERED that Applicant shall have **twenty-one (21) days from the date of this order** to file a response, if any, to Respondents' Motion to Dismiss as Moot.

DATED March 6, 2013.

                                                BY THE COURT:

                                                s/ Wiley Y. Daniel
                                                WILEY Y. DANIEL
                                                Senior United States District Judge