IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No. 12-cv-02203-WYD

CRAIG S. ROBLEDO-VALDEZ,

    Applicant,

v.

TRAVIS TRANI, and
TOM CLEMENTS,

    Respondents.

---

## ORDER GRANTING MOTION TO DISMISS

---

        This matter is before me on the Motion to Dismiss as Moot (ECF No. 28) filed

February 8, 2013, by Respondents.  On March 6, 2013, I entered an Order to Dismiss in

Part (ECF No. 30) in which I dismissed three of Applicant's four claims for relief in this

habeas corpus action pursuant to Applicant's request to dismiss those unexhausted claims

voluntarily.  I also directed Applicant to file a response to the Motion to Dismiss as Moot

within twenty-one days.  Applicant's sole remaining claim challenges a decision of the

Colorado Parole Board denying Applicant release on parole in September 2011.  As relief

Applicant seeks to be released on parole.  Respondents contend in the Motion to Dismiss

as Moot that all of Applicant's claims are moot because Applicant was released on parole

on January 30, 2013.  The documentation attached to the Motion to Dismiss as Moot

confirms that Applicant has been released on parole.

        On March 18, 2013, the copy of my Order to Dismiss in Part that was mailed to

Applicant at his Colorado prison address was returned to the Court undelivered.  The

returned envelope (ECF No. 31) includes a stamp or sticker that reads "RETURN TO SENDER, REFUSED, UNABLE TO FORWARD" and a handwritten notation that appears to read "Ref Paroled."  On May 13, 2013, and again on May 31, 2013, Applicant filed a notice of change of address indicating that he has been incarcerated in the Bexar County Jail in San Antonio, Texas, since March 20, 2013.  (*See* ECF Nos. 32 & 33.)  On June 17, 2013, Applicant filed a Motion for Extension of Time to File Response (ECF No. 34) seeking an extension of time to file a response to Respondents' Motion to Dismiss as Moot.  Applicant alleges in the motion for extension of time that he did not receive a copy of my Order to Dismiss in Part.  The motion for extension of time will be denied because Applicant fails to demonstrate good cause for either his failure to keep the Court apprised of his current address as required by the District of Colorado local rules, *see* D.C.COLO.LCivR 10.1M., or his failure to prosecute this action diligently.

With respect to the substance of the Motion to Dismiss as Moot, I agree with Respondents that Applicant's remaining claim challenging a decision denying him release on parole in September 2011 is moot because Applicant was released on parole in January 2013.  Under Article III of the Constitution, federal courts may only adjudicate live controversies.  *See Alvarez v. Smith*, 558 U.S. 87, 92 (2009); *see also McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996) ("Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction.").  Furthermore, an "actual controversy must be extant at all stages of review, not merely at the time the complaint is filed."  *Alvarez*, 558 U.S. at 92 (internal quotation marks omitted).

A case becomes moot if an event occurs during the pendency of the action that "makes it impossible for the court to grant any effectual relief whatever to a prevailing party." *Church of Scientology v. United States,* 506 U.S. 9, 12 (1992) (internal quotation marks omitted); *see also Kan. Judicial Review v. Stout*, 562 F.3d 1240, 1245 (10th Cir. 2009) ("If, during the pendency of the case, circumstances change such that the plaintiff's legally cognizable interest in a case is extinguished, the case is moot, and dismissal may be required.")  "It has long been settled that a federal court has no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it."  *Church of Scientology,* 506 U.S. at 12 (internal quotation marks omitted).

Once Applicant was released on parole in January 2013, he no longer had a redressable injury arising from the denial of his parole application in September 2011.  *See Vandenberg v. Rodgers*, 801 F.2d 377, 378 (10th Cir. 1986) (per curiam) (dismissing appeal as moot because the petition challenged only determinations that delayed defendant's parole date and he already had been released on parole).  As a result, "the best this court could do for him would be to declare [in an advisory opinion] that he spent longer in prison than he should have," which is not enough to satisfy Article III.  *Rhodes v. Judiscak*, 676 F.3d 931, 935 (10th Cir. 2012); *see also Spencer v. Kemna*, 523 U.S. 1, 18 (1998) (stating that the federal courts "are not in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong.").

As Respondents concede, Applicant could avoid dismissal of this action as moot by establishing the existence of continuing "collateral consequences" as a result of the denial of his release on parole in September 2011.  *See Spencer*, 523 U.S. at 7-8.  However,

3

Applicant does not demonstrate any "collateral consequences" resulting from the decision to deny him release on parole in September 2011 that would overcome a finding of mootness and no such "collateral consequences" are apparent.  Therefore, I find that Applicant fails to present a case or controversy for purposes of Article III and the amended Application must be dismissed for lack of subject matter jurisdiction.  Accordingly, it is

ORDERED that Applicant's Motion for Extension of Time to File Response (ECF No. 34) is **DENIED**.  It is

FURTHER ORDERED that Respondents' Motion to Dismiss as Moot (ECF No. 28) is **GRANTED**.  It is

FURTHER ORDERED that the amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 9) is **DENIED** and the instant action is **DISMISSED** for lack of subject matter jurisdiction.  It is

FURTHER ORDERED that the pending Motion to Supplement/Amend Claim (ECF No. 27) is **DENIED** and the Motion to Strike Plaintiff's Motion to Supplement/Amend Claim (ECF No. 29) is **DENIED AS MOOT**.  It is

FURTHER ORDERED that there is no basis on which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c).

DATED June 25, 2013.

BY THE COURT:

s/ Wiley Y. Daniel
WILEY Y. DANIEL
Senior United States District Judge